# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2022

Lyle W. Cayce
Clerk

No. 20-61067
Summary Calendar

Leonard Ataubo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 817 642

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Leonard Ataubo, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

an Immigration Judge's (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

In reviewing the BIA's decision, the IJ's decision is considered only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Questions of law are reviewed *de novo*; factual findings, for substantial evidence. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (per curiam).

The injuries or threats received by Ataubo do not constitute the requisite persecution necessary for asylum. *See Eduard v. Ashcroft*, 379 F.3d 182, 187–88 (5th Cir. 2004) (noting "[n]either discrimination nor harassment ordinarily amounts to persecution under the INA"); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348–49 (5th Cir. 2006) (finding petitioner that presented evidence of multiple threats "made a compelling case of persecution").

To the extent Ataubo summarily challenges denial of withholding of removal, his challenge is abandoned because he fails to brief it. *E.g.*, *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Circ. 2016).

To obtain CAT relief, applicant must show, *inter alia*, it is more likely than not that, if returned to his home country, he will be tortured with government acquiescence or involvement. 8 C.F.R. §§ 1208.16(c)(2) (prescribing eligibility for withholding of removal under CAT), 1208.18(a)(1) (defining torture as act performed with "consent or acquiescence of" public official). The BIA's decision that Ataubo failed to meet this standard is supported by substantial evidence.

Ataubo's other raised issues—a due-process claim and challenges regarding the persecution standard, his fear-of-future-persecution claim, and application of the country-condition report to his CAT claim—are dismissed because they are unexhausted. *See Omari v. Holder*, 562 F.3d 314, 321 (5th

No. 20-61067

Cir. 2009) (emphasizing "parties must fairly present an issue to the BIA to satisfy [18 U.S.C.] § 1252(d)'s exhaustion requirement").

DISMISSED IN PART; DENIED IN PART.